(No. 5114—)

VIVIAN SHOCKEY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 20, 1963.*

*Cause dismissed without further opinion on July 24, 1964.*

JACK R. COOK, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, Vivian Shockey, filed her claim, in which she alleged that the State of Illinois, by and through its duly authorized agent, did on the 21st day of September, 1962 appear before John S. Ghent, a Justice of the Peace for District No. 3 Winnebago County, Illinois, and falsely, maliciously, and without any reasonable or probable cause whatever, charged claimant with the

crime of "unlawfully, wilfully, and knowingly maintaining, conducting, and operating a trailer court park without having obtained therefor a license."

Claimant further alleged that defendant without any reasonable or probable cause whatever caused claimant to be arrested and taken in the custody of the police authorities of Winnebago County, necessitating claimant to post a bond on her behalf, and hire an attorney to defend her, even though at such time of arrest she was confined to a hospital with a serious illness. On April 29, 1962, in response to a notice from said Justice Court, claimant appeared for trial at the place and time designated, and that, upon being ready for trial, no witnesses appeared against her, nor was any evidence produced. At said time the case was dismissed by said Justice of the Peace. Claimant alleges the actions of defendant have been malicious, unwarranted, and constitute an abuse of legal process in violation of claimant's personal and constitutional rights. As a result of this, claimant has incurred great mental and physical suffering, public embarrassment, and injury to her reputation and standing in the community; that, because of her advanced age, her physical condition since the occurrence has deteriorated to a great extent; and, that claimant has had to expend the sum of $75.00 for attorney's fees, and $20.00 for a professional bondsman, and prays for judgment against the State of Illinois in the sum of $25,000.00.

A motion to strike the complaint was filed by the Attorney General stating that claimant had not attached to her complaint a copy of the criminal complaint referred to in paragraph two of her said complaint; that claimant had not set forth the names of the purported agents of the State of Illinois; that claimant failed to attach to her complaint a bill of particulars; and, finally, that claimant failed to set forth in her complaint whether

or not her claim has been presented to any other person, corporation, or tribunal.

Subsequently, claimant filed an amended complaint, and attached thereto a copy of the complaint filed in the Justice of the Peace Court. The amendment to the complaint then alleged that claimant is the owner of and the only person interested in this claim, and that no assignment or transfer of this claim, or any part thereof, has been made.

On August 19, 1963, a Departmental Report was filed, and it appears therefrom that, in April, 1962, a complaint was received by the Illinois Department of Public Health at its Northeastern Regional Office from the Rockford Mobile Home Operators' Association to the effect that a number of trailer parks were being operated in Winnebago County without a license in violation of "An Act Relating to the Licensing and Regulation of Trailer Coach Parks." On May 1, 1962, Thomas E. Philbin, Regional Engineer, directed Edwin D. Godbold, Assistant Engineer, to visit Winnebago County and investigate the alleged violations. Mr. Godbold inspected the premises owned by Vivian Shockey, which were located at 3017 Prairie Road, Rockford, Illinois, and found that there were six trailers located upon these premises, and the Shockey Trailer Park was not licensed by the State Department of Public Health, as required by law. On August 9, 1962, Engineer Philbin again visited the Shockey Trailer Park, and found the same six trailers on the premises, as was reported by Mr. Godbold. Claimant, Vivian Shockey, was not at home, and he was advised by Mrs. Shockey's daughter that claimant was hospitalized in Belvidere, Illinois. On September 5, 1962, Engineer Philbin revisited the trailer park, and found that two trailers had been removed, but four remained. On Sep-

tember 21, 1962, Engineer Philbin again visited the Shockey premises, and found that the four trailers, which were there during his last visit, had not been removed. He then called at the office of the Winnebago County State's Attorney, at which time an information was prepared charging Vivian Shockey with operating a trailer park in violation of the Illinois Statutes. Engineer Philbin signed the complaint in the presence of the Justice of the Peace, John S. Ghent, but Engineer Philbin was not advised, nor was the Regional Office ever advised, that a hearing was to be conducted in the court of Justice of the Peace Ghent on April 29, 1963, or on any other date.

Secs. 162 and 166 of Chapter 111½, Ill. Rev. Stats., provide as follows:

" 'Trailer Court Park' or 'Park' means an area of land upon which two or more occupied trailer coaches are harbored, either free of charge or for revenue purposes, and shall include any building, structure, tent, or enclosure used or intended for use as a part of the equipment of such trailer coach park.

"No person, firm, or corporation shall establish, maintain, conduct, or operate a trailer coach park after April 30, 1954, without first obtaining a license therefor from the Department. Such license shall be issued for one year, and expire at midnight on April 30 of the year next following the issuance thereof, and the license shall be renewed from year to year upon payment of the annual license fee herein provided."

It is amply clear from the Departmental Report that claimant, Vivian Shockey, was in violation of the statutes of the State of Illinois. We are of the opinion that claimant has not stated a cause of action; that she has sustained no damages; and, that the motion of the Attorney General to strike should be allowed.

It is hereby ordered that the claim of Vivian Shockey be, and the same is hereby stricken.